J-S09032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM EDWARD PAXTON III | : | |
| | : | |
| Appellant | : | No. 1889 EDA 2024 |

Appeal from the PCRA Order Entered June 18, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000230-2012

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED APRIL 7, 2025**

Appellant, William Edward Paxton III, appeals *pro se* from the order entered in the Court of Common Pleas of Bucks County dismissing his serial petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA").  We affirm.

On April 27, 2012, a jury convicted Appellant of two counts of Possession of Firearm Prohibited,[1] Possession with Intent to Deliver a Controlled Substance,[2] Possession of Drug Paraphernalia,[3] and Possession of Marijuana.[4] On August 22, 2012, the trial court imposed an aggregate sentence of 20 ½ to 41 years' incarceration comprising consecutive terms of not less than 5 nor

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).
[2] 35 P.S. § 780-113(a)(30).
[3] 35 P.S. § 780-113(a)(32).
[4] 18 Pa.C.S. § 780-1139(a)(31).

more than 10 years' incarceration on both counts of Possession of Firearm Prohibited; not less than 5 nor more than 10 years' incarceration for Possession of Firearm with Manufacturer Number Altered; not less than 5 nor more than 10 years' incarceration for Possession with Intent to Deliver a Controlled Substance; and 6 to 12 months for Paraphernalia. Represented by counsel, Appellant did not file a post-sentence motion or a direct appeal. Accordingly, Appellant's judgment of sentence became final 30 days later, on September 22, 2012, pursuant to Pa.R.A.P. 903 (time for appeal).

The PCRA court aptly recites the ensuing post-conviction stage procedural history:

> On July 21, 2014, Appellant filed a Petition for Writ of *Habeas Corpus* [with the first PCRA court, which treated the petition] as a PCRA petition. The PCRA court then appointed PCRA Counsel for Appellant who filed Motions to Amend Appellant's PCRA claims on December 31, 2014, and April 14, 2015. Following Appellant's unsuccessful Motion for Change of Appointed Counsel, Appellant appeared to file another Petition for PCRA Relief on May 5, 2017, before the PCRA court took any action on his first PCRA petition. Nonetheless, on November 13, 2017, PCRA counsel filed a Motion to Withdraw with a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), asserting that Appellant could put forth no meritorious issues that could be [reviewed] in this untimely PCRA petition.
>
> On March 2, 2018, [the first PCRA court] issued a Notice of Intent to Dismiss the PCRA Petition pursuant to Pa.R.Crim.P. 907, with a final dismissal of the Petition entered on April 5, 2018. Appellant then filed an untimely *pro se* appeal of the dismissal order on or about August 27, 2018.[] This was quashed by the Pennsylvania Superior Court on December 10, 2018.
>
> On July 14, 2023, Appellant filed this current Petition for PCRA relief. On December 4, 2023, [the second PCRA court] directed

the Commonwealth to file a response to Appellant's Petition[, and a timely response was received on] on January 4, 2024. On January 9, 2024, [the PCRA court] issued a notice of intent to Dismiss the PCRA Petition pursuant to Pa.R.Crim.P. 907, and having received no timely response from Appellant, a final dismissal of the Petition was entered on January 30, 2024. Mere hours after the PCRA Court entered the dismissal order, [the PCRA] Court received notice of Appellant's Motion for an Extension of Time to file a Response. In response thereto, on February 9, 2024, [the PCRA Court] vacated its January 30, 2024, dismissal order and granted Appellant's Motion for Extension of Time, ordering Appellant to file his response no later than March 8, 2024.

[After a series of miscommunications between the second PCRA court and Appellant were finally overcome by Appellant's April 16, 2024, withdrawal of a prematurely filed appeal, the PCRA court entered its Order of April 18, 2024, granting Appellant's second Motion for Extension of Time to File Objections to the PCRA Court's Notice of Intent to Dismiss Pursuant to Rule 907 filed on March 25, 2024. The Order directed that Appellant "shall file his Objections no later than May 31, 2024."]

On June 14, 2024, having no response filed from Appellant, the Commonwealth filed a Motion for Final Dismissal of Appellant's PCRA Petition[. The second PCRA Court granted the Commonwealth's Motion for Dismissal] on June 18, 2024. Appellant then appealed to the Superior Court on July 15, 2024. . . .

PCRA Court Opinion, 9/27/24, at 2-4.

In the present appeal, Appellant's *pro se* brief contains substantive defects which impede our ability to understand much of its content and relate it to the present appeal. Only on pages six and seven (unenumerated), under the headings "Ground One" and "Ground Two", does Appellant manage to present discernable issues and arguments addressing the purported

ineffective assistance of prior counsel. [5] We must conclude, however, that his

argument still fails to address the threshold jurisdictional question of whether

_____

[5] Initially, we address whether Appellant has waived such issues raised on appeal by failing to file a court-ordered Pa.R.A.P.1925(b) concise statement. A review of the certified record reveals that, after Appellant filed a notice of appeal on July 15, 2024, the PCRA court entered an order on July 24, 2024, directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. According to the PCRA court, Appellant sought and received an extension of time in which to comply with the order, but he never filed a Rule 1925(b) concise statement. **See** Rule 1925(a) Opinion, 9/26/24. In general, the failure to file a Rule 1925(b) statement would result in the waiver of an appellant's issues on appeal. **See Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011); **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*); Pa.R.A.P. 1925(b)(4)(vii). In this instance, however, while the order itself bears a notation of "copies mailed" that includes Appellant's name and SCI address, there is no requisite notation on the docket that Appellant was served with notice of the PCRA court's 1925(b) order as required by Pa.R.C.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice[.]"). Instead, the docket entry indicates only that the district attorney received "eService" on 7/30/24. We observe that such an omission regarding service of the PCRA court's order to Appellant did not occur in previous docket entries pertaining to court orders. Because the PCRA court did not note on the docket the date and manner by which Appellant was served the Rule 1925(b) order, we must decline the Commonwealth's and trial court's request that we find Appellant's appellate claims waived. **See In re L.M.**, 923 A.2d 505, 510 (Pa. Super. 2010) (declining to find the appellant's issues waived on appeal where docket does not reflect service of concise statement order); **Commonwealth v. Hooks**, 921 A.2d 1199, 1202 (Pa. Super. 2007) (holding if any procedural requirement of Rule 1925 is not met, an appellant's failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal) (emphasis supplied). **See also Commonwealth v. Woodson**, (non-precedential) No. 295 EDA 2024, 2025 WL 524604 fn. 1 (Pa. Super. filed Feb. 18, 2025) (declining to find waiver under Rule 1925(b), despite Appellant's failure to file within the Rule's 21-day limit his motion for extension of time to file court-ordered concise statement, because the docket contained no notation that Appellant was served with notice of the 1925(b) order).

he qualifies for the newly discovered fact exception that would permit this Court to conduct merits review of his PCRA appeal.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions de novo.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotation marks omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **Commonwealth v. Wholaver**, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." **Id**. at 145 (internal citation omitted).

We consider first whether the PCRA court had jurisdiction to adjudicate Appellant's facially untimely second PCRA petition, as the present appeal turns on this issue. The timeliness restrictions of the PCRA "are jurisdictional in nature and are to be strictly construed." **Commonwealth v. Stokes**, 959 A.2d 306, 309 (Pa. 2008). **See also Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012) (The timeliness of a PCRA petition is a threshold jurisdictional matter that must be addressed). Whether a petition is timely

raises a question of law.  *See Commonwealth v. Fahy*, 959 A.2d 312, 316 (Pa. 2008).  Our standard of review for a question of law is *de novo* and our scope of review plenary.  *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).  An untimely petition renders this Court without jurisdiction to afford relief.  *Taylor*, 65 A.3d at 468; *Gandy*, 38 A.3d at 903.

A petition for relief under the PCRA, including a first petition, "shall be filed within one year of the date on which the judgment of sentence becomes final."  42 Pa.C.S. § 9545(b)(1).  As noted, Appellant's judgment of sentence became final on September 22, 2012.  The successive petition presently at issue, filed on July 3, 2023, was thus untimely by nearly eleven years.

Therefore, to obtain merits review of any collateral claim challenging his judgment of sentence, Appellant was required to plead and prove in his petition  the applicability of one of the three exceptions to the PCRA timeliness requirements in Section 9545(b)(1)(i)-(iii); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008), and invoke the exception within one year of the date the claim could have been first presented as provided in Section 9545(b)(2). *See Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018); *Commonwealth v. Balestier-Marrero*, 314 A.3d 549, 554 (Pa. Super. filed April 15, 2024) (non-precedential decision).  Where "the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition."  *Commonwealth*

*v. Woods*, 179 A.3d 37, 42 (Pa. Super. 2017); *Taylor*, 65 A.3d at 468; *Perrin*, 947 A.2d at 1285.

To the extent Appellant's *pro se* brief attempts to assert that his patently untimely petition is reviewable under the timeliness exception for newly discovered facts under Section 9545(b)(1)(ii), we observe the exception requires a petitioner to demonstrate that the facts upon which their claim is predicated were previously unknown and could not have been discovered earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007); *Commonwealth v. Lambert*, 884 A.2d 848, 852 (Pa. 2005). Due diligence demands that the petitioner take reasonable steps to protect their own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). *See also Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). This rule is strictly enforced. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). The focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts. *Id*. Finally, "the newly discovered fact exception does not require any merits analysis of the underlying claim, and application of the time-bar exception therefore does not necessitate proof of the elements of a claim of after-discovered evidence." *Commonwealth v. Small*, 238 A.3d 1267, 1286 (Pa. 2000).

Appellant's claimed newly discovered fact is that post-trial counsel abandoned him by neither filing nor consulting him about filing a post-trial motion and a direct appeal from his judgment of sentence. It is apparent from

the record, however, that Appellant cannot show that this purported fact was previously unknown to him until within one year of filing the present petition in 2023 and that he could not have discovered it sooner by the exercise of due diligence.

Indeed, the very focus of his unsuccessful 2014 *pro se* writ of *habeas corpus* was the same alleged ineffective failure of prior counsel to consult with him about and file a post-trial motion and direct appeal that forms the basis for his present ineffectiveness claim. Deeming the 2014 *pro se habeas* writ a first PCRA petition, the first PCRA court appointed PCRA counsel, who filed an amended petition before eventually submitting a 2017 **Turner/Finley** no-merit letter and motion to withdraw. On April 4, 2018, the first PCRA court dismissed Appellant's first petition pursuant to its "Order and Notice" of the same date expressing its finding that there were no genuine issues of material fact, that the claims lacked merit, and that Appellant's petition, therefore, did not entitle him to PCRA relief. First PCRA Court Order, 4/4/2018.

This record unequivocally belies any assertion made in Appellant's current second petition that the purported fact of post-trial/direct appeal counsel's abandonment was previously unknown to him and was not discoverable by due diligence earlier than one year before he filed this petition. For this reason, the PCRA court appropriately rejected the only discernable time-bar exception raised in Appellant's patently untimely, successive petition. Accordingly, we affirm the PCRA court order denying relief.

Order affirmed.

- 8 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>4/7/2025</u>